**HANSEN v. WELCH, COOK, BEALS CO.
et al.**

No. 8908.

Circuit Court of Appeals, Eighth Circuit.
April 6, 1931.

Harold M. Kelley, of Omaha, Neb. (Robert J. Webb and S. Arion Lewis, Jr., both of Omaha, Neb., on the brief), for appellant.

Charles B. Keller, of Omaha, Neb. (George Doane Keller, of Omaha, Neb., on the brief), for appellees.

Before STONE and BOOTH, Circuit Judges, and DEWEY, District Judge.

STONE, Circuit Judge.

This is an appeal from a decree according recovery to creditors under a stockholders' double liability statute in Nebraska.

The sole point presented here is whether this action is barred by the statute of limitations which admittedly is one year. The real question is as to when the cause of action accrued.

The debtor corporation was adjudicated a bankrupt March 5, 1924, on an involuntary petition filed January 12, 1924. A proceeding against the company was filed by a creditor on February 1, 1927, who secured judgment upon which an execution was returned unsatisfied May 12, 1927. This suit was brought on May 7, 1928. A petition in intervention of other creditors was filed in this proceeding September 4, 1929. Final distribution of the bankrupt estate was of

July 3, 1929. Appellant contends that the cause of action accrued when the petition in bankruptcy was filed or at least when the adjudication was made. Either of these dates is more than a-year prior to the commencement of this action. The contention of appellee is that the cause of action accrued when the final report in the distribution of the bankrupt estate was made, July 3, 1929.

The determination of the question before us depends upon the construction of section 470 of Compiled Statutes of Nebraska 1922, which creates this liability and which is as follows:

"*Notice of debts of corporation—Liability of stockholders.* Every corporation hereafter created shall give notice annually in some newspaper printed in the county or counties in which the business is transacted, and in case there is no newspaper printed therein, then in the nearest paper in the state, of the amount of all existing debts of the corporation, which notice shall be signed by the president and a majority of the directors, and if any corporation shall fail to do so, *after the assets of the corporation are first exhausted,* then all the stockholders of the corporation, shall be jointly and severally liable for all the debts of the corporation then existing, and for all that shall be contracted before such notice is given, to the extent of the unpaid subscription of any stockholder to the capital stock of such corporation, and in addition thereto the amount of capital stock owned by such individuals." (Italics ours.)

The statute clearly contemplates that there shall be no liability thereunder against the stockholders until after the assets of the corporation are "first exhausted." This language is plain, and its meaning is very different from a liability arising as soon as it is known that the corporation will not be able to pay all of its debts in full. The difference intended by the statute is that at the time the suit is brought thereunder it shall be known, not only that the corporation cannot pay its debts in full, but that all of its assets have been exhausted leaving nothing for further payment to creditors. That part of the language of the statute is: "If any corporation shall fail to do so, after the assets of the corporation are first exhausted, then all of the stockholders of the corporation, shall be jointly and severally liable for all the debts," etc.

Determination of when the assets of a corporation have been exhausted may be

made in several ways. The usual method is by the return of an execution unsatisfied. But where the assets of a corporation are in course of administration before a receiver, on assignment for benefit of creditors or in bankruptcy, those assets are not exhausted until the final dividend has been paid to creditors and that fact judicially determined. It is not possible to know until then what amounts will be necessary to make up the deficiency in the indebtedness, and it is clearly the purpose of this statute to compel an exhaustion of the assets and an ascertainment or the possibility of an ascertainment of the remaining indebtedness before the cause of action arises thereunder. The return of an unsatisfied execution when the entire property of the debtor is in custodia legis is a bare legal formality which really determines nothing as to the exhaustion of the assets because they are not exhausted merely because they are in the protection of a court and cannot, for the time being, be reached by judicial process.

Appellees present here a motion to strike the statement of the evidence. We need not determine this motion, as it is clear that the decree should be affirmed upon the merits.

The decree should be, and is, affirmed.